IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| IN RE: | : | Chapter 13 |
| | : | |
| ANDREA GENRETTE, | : | Bankr. Case No. 15-11738-BLS |
| | : | |
| Debtor. | : | |
| | : | |
| ANDREA GENRETTE, | : | C.A. No. 18-920-MN |
| | : | |
| Appellant, | : | |
| v. | : | |
| | : | |
| BANK OF NEW YORK MELLON TRUST | : | |
| COMPANY, NA, | : | |
| Appellee. | : | |

## **MEMORANDUM ORDER**

### I. **INTRODUCTION**

Presently before the Court is Appellant's Motion for Emergency Temporary Injunction (D.I. 31) ("Emergency Motion"). The Court has considered the answering brief filed by appellee, the Bank of New York Mellon Trust Company, National Association as Trustee for Residential Asset Mortgage Products, Inc., Mortgage Asset-Backed Pass-Through Certificates Series 2004-RS8 by and through its attorney in fact Ocwen Loan Servicing, LLC ("Bank of New York") (D.I. 33), along with Appellant's reply in further support of the Emergency Motion (D.I. 34). For the reasons set forth below, the Emergency Motion is denied.

### II. **BACKGROUND**

The facts relevant to the request for relief are stipulated by the parties. (Bankr. D.I. 60). Appellant is the owner of real property located at 4 Westbury Drive, New Castle, Delaware 19720 (the "Property"). Appellant has a mortgage on the Property owed to Bank of New York.

On August 19, 2015, Appellant commenced a Chapter 13 case (Bankr. D.I. 1).[1] Appellant's post-petition payments to Bank of New York fell into arrears, as Appellant failed to make full payment of the mortgage for the months of October 1, 2016 through August 1, 2017. Bank of New York filed a motion for relief from stay on June 29, 2017 (Bankr. D.I. 52) ("Stay Relief Motion").

Determination of the Stay Relief Motion was stayed per an agreed stipulated order (Bankr. D.I. 59) ("Stipulated Order"). Under the Stipulated Order, the parties acknowledged the obligations and Appellant agreed to file within 30 days a modified Chapter 13 plan to provide a cure for the post-petition delinquency to payment of arrearages and costs in the amount of $14,197.58 (*id.* at ¶¶ 10-12) and additionally to continue to make regular monthly payments in the amount of $1,242.52 as due beginning with the September 1, 2017 payment. (*Id.* at ¶ 13). Under the Stipulated Order, events of default included: failure to file a modified Chapter 13 plan, failure to pay the post-petition arrearages, and failure to make any of the monthly payments. (*Id.* at ¶ 14). Upon occurrence of an event of default, 10 days' notice to Appellant, and Appellant's failure to cure, the Stay Relief Motion would be granted without further hearing. (*Id.* at ¶ 15). On October 3, 2017, the Bankruptcy Court approved the Stipulated Order. (Bankr. D.I. 60).

On January 11, 2018, Bank of New York filed its first notice of default. (Bankr. D.I. 65). The first notice indicates, and the docket reflects, that Appellant failed to file a modified Chapter 13 plan as required by the Stipulated Order. The notice of default also stated that Appellant was in default for a total amount of $3,707.08, which included three regular mortgage payments. (*Id.*

---

[1] The docket of the Chapter 13 case, captioned *In re Genrette,* No. 15-11738-BLS (Bankr. D. Del.), is cited herein as "Bankr. D.I. __."

at 2). On January 16, 2018, Appellant filed a proposed modified Chapter 13 plan, which was approved by the Bankruptcy Court. (Bankr. D.I. 66, 72).

On February 1, 2018, Bank of New York filed a second notice of default (Bankr. D.I. 71). The second notice acknowledged that Appellant had filed, albeit late, a modified Chapter 13 plan to include post-petition arrears, but stated Appellant remained four months behind on regular monthly mortgage payments in the amount of $1,242.52. Appellant filed an objection to the second notice of default. (Bankr. D.I. 74). Appellant also filed an objection to Bank of New York's proof of claim. (Bankr. D.I. 77).

On April 24, 2018, the Bankruptcy Court held a hearing on pending matters and took them under advisement.

On April 25, 2018, Bank of New York filed a letter with the Bankruptcy Court advising that Appellant was approved for a three-month trial loan modification, which required Appellant to make timely monthly payments for May 1, 1018 through July 1, 2018. (Bankr. D.I. 84). "After successful completion of the Trial Period Plan, the account will be reviewed for a permanent modification." (*Id.*)

On May 8, 2018, Appellant filed a motion to reinstate the automatic stay. (Bankr. D.I. 87).

On June 7, 2018, the Bankruptcy Court entered the Lift Stay Order, which (i) denied Appellant's motion to reinstate the automatic stay and (ii) granted the Bank of New York's Motion for Relief from Stay, on the basis that Appellant failed to make the required mortgage payments following execution of the Stipulation. (Bankr. D.I. 90 ¶ 2). The Bankruptcy Court further determined:

> In subsequent proceedings, including a hearing held on April 24, 2018, [Appellant] has raised challenges to, among other things, [Bank of New York's] pre-bankruptcy conduct, the amounts due to [Bank of New York] and the contents of [Bank of New York's] proof of claim. The terms of the Stipulation are clear, and the record

3

supports a finding that a payment default has occurred. The issues raised by [Appellant], particularly those relating to events that occurred years ago, do not change the fact that [Appellant] failed to make payments in compliance with the Stipulation.

(*Id.* ¶ 3).

On June 21, 2018, Appellant appealed the Lift Stay Order (Bankr. D.I. 93).

Following the entry of the Lift Stay Order, however, Appellant accepted the trial loan modification. Appellant made payments on the loan modification from August 31, 2018 through November 29, 2018. However, when Bank of New York filed a motion with the Bankruptcy Court to approve the trial loan modification as a permanent modification, Appellant opposed the motion as an impermissible "new debt" under Chapter 13 and on the basis of the pending appeal. (Bankr. D.I. 109). The Bankruptcy Court denied the motion to approve the loan modification based on Appellant's objection. (*See* Bankr. D.I. 118 ("the record reflecting that the Debtor objects to the relief set forth in the motion; and the Court having noted that it would not approve a mortgage modification over the Debtor's objection . . .")). Appellant has filed a separate appeal of the Order denying the loan modification.[2]

After the Bankruptcy Court denied the loan modification, Bank of New York was required to reverse the loan modification, which reverted the mortgage loan back to default status. For this reason, Bank of New York advised it will no longer accept payments from Appellant. The parties completed briefing on the appeal of the Lift Stay Order on November 9, 2018. (*See* D.I. 17, 21, 22, 23). Appellant has filed the Emergency Motion seeking a temporary injunction with respect to Bank of New York's refusal to accept additional loan payments. The Court did not hear oral

---

[2] *Genrette v. Bank of New York Mellon Trust Company*, C.A. No. 18-1883-MN (D. Del.), D.I. 1.

argument because the facts and legal arguments are adequately presented in the briefs and record, and the decisional process would not be significantly aided by oral argument.

### III. JURISDICTION AND STANDARD OF REVIEW

Appeals from the Bankruptcy Court to this Court are governed by 28 U.S.C. § 158. Pursuant to § 158(a), district courts have mandatory jurisdiction to hear appeals "from final judgments, orders, and decrees" and discretionary jurisdiction over appeals "from other interlocutory orders and decrees." 28 U.S.C § 158(a)(1) and (3). The Lift Stay Order is a final order.

"A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Ferring Pharm., Inc. v. Watson Pharm., Inc.*, 765 F.3d 205, 210 (3d Cir. 2014) (citing *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 20 (2008)). Preliminary injunctive relief is an extraordinary remedy, which should be granted only in limited circumstances. *Novartis Consumer Health, Inc. v. Johnson & Johnson-Merck Consumer Pharm. Co.*, 290 F.3d 578, 586 (3d Cir. 2002).

### IV. ANALYSIS

It not entirely clear what relief Appellant is requesting in the Emergency Motion. Because Appellant proceeds *pro se*, the Court construes the pleading liberally. *See Erickson v. Pardus,* 551 U.S. 89, 94 (2007) ("A document filed *pro se* is to be liberally construed.") (internal quotation marks omitted). The Emergency Motion appears to request, on an expedited basis, that this Court order Bank of New York to accept payments on her mortgage loan pending the outcome of her appeal of the Lift Stay Order.

In support of the Emergency Motion, Appellant states that Bank of New York has stopped processing her mortgage payments and attaches email correspondence confirming no additional payments will be accepted by Bank of New York. (D.I. 31). There is, however, no loan modification in place, and the record reflects that the loan modification was not approved by the Bankruptcy Court for the sole reason that Appellant objected to the loan modification. Bank of New York argues that Appellant has failed to carry the burden of establishing likelihood of success on the merits of this request for injunctive relief, and that Appellant, herself, "has created this morass by accepting a loan modification and then opposing its approval, forcing Bank of New York to place her loan status back in default." (*See* D.I. 33 at 3). Appellant has not asserted that she has a reasonable probability of success on the merits, only that she "prefers to keep making payments," and that the payment issues "can be cured in a modified plan over the remaining two years in my ch. 13." (*Id.* at 3). Appellant provides no legal basis for her request but attaches a decision, *Metmor Financial, Inc. v. Bailey*, 111 B.R. 151 (W.D. Tenn. 1998). (D.I. 31 at 8-10).

In *Metmor*, the Chapter 13 plan called for continued monthly payments to Metmor, the holder of a deed of trust on the debtor's principal residence. *Id.* at 152. After three years under the plan, the debtor had fallen behind on payment obligations by over 20 months. *Id.* Metmor filed a motion seeking relief from the automatic stay to proceed to foreclose on the property. *Id.* The bankruptcy court granted the debtor twenty-five days in which to find refinancing. *Id.* The debtor did not obtain refinancing, however, and the stay was lifted. *Id.* Thereafter, debtor filed a motion to set aside the order under Federal Rule of Civil Procedure 60(b) and reinstate the automatic stay. *Id.* In granting the motion to reinstate the automatic stay, the bankruptcy court determined that extenuating circumstances existed, including that the debtor had been out of work due to illness, that her minor daughter had continuing kidney problems, and that four members of

debtor's family had died since the filing of the bankruptcy. *Id.* at 153. Additionally, the bankruptcy court found that the mortgage had been held by four different entities, and that confusion existed regarding the exact arrearage amount and the exact amount of monthly payments. *Id.* On appeal, the district court determined, based on the foregoing, that the bankruptcy court did not abuse its discretion in reinstating the automatic stay. *Id.* at 154.

Here, Appellant has not carried the burden of establishing a likelihood of success on the merits. With respect to the Lift Stay Order, the docket reflects that the basis for Appellant's appeal includes issues regarding the contents of Bank of New York's proof of claim, "skipped chain of title," and the fact that Appellant's "prior counsel" signed the Stipulation. (*See* D.I. 17 at 1-2; D.I. 31). The Court does not find a likelihood of success on those issues: as the Bankruptcy Court explained, "the issues raised by [Appellant], particularly those relating to events that occurred years ago, do not change the fact that [Appellant] failed to make payments in compliance with the Stipulation" which is the basis for entry of the Lift Stay Order. (Bankr. D.I. 90). Regarding alleged accounting errors, the parties' Stipulation conceded the validity of Appellant's obligations and specified the amounts owed, and, in light of Appellant's noncompliance, the Court finds little likelihood of success.

With respect to the Bankruptcy Court's denial of Appellant's motion to set aside the Lift Stay Order and reinstate the stay, the standard on appeal is abuse of discretion. A bankruptcy court abuses its discretion when it bases its decision on an erroneous conclusion of law or when the record contains no evidence on which it could rationally base its decision. *See In re SGL Carbon Corp.*, 200 F.3d 154, 159 (3d Cir. 1999). Here, Appellant has failed to set forth a specific basis for a finding of abuse. Although some facts alleged by Appellant – including alleged accounting

errors and health problems[3] – bear some similarity to those alleged in *Metmor*, they do not rise to the level of extenuating circumstances set forth in that case. Appellant, like the debtor in *Metmor*, alleges uncertainty regarding the allocation of payments following denial of the loan modification and placement of the loan back in default (*see* D.I. 31 at 3). In this case, however, there was no confusion regarding Appellant's obligations under the Stipulated Order and modified Chapter 13 plan; the terms of the Stipulated Order clearly set forth the post-petition arrearages and monthly payments. Appellant has failed to carry the burden of establishing that she is likely to prevail on appeal of the Lift Stay Order. Moreover, the facts alleged by Appellant do not support the extraordinary relief requested here – *i.e.*, an injunction compelling Bank of New York, in absence of a Bankruptcy Court approved loan modification, to accept future payments.

As to the other factors, Appellant asserts that she will suffer irreparable damage absent a preliminary injunction based on Bank of New York's refusal to accept additional payments. "I'd ask that this will cause irreparable damage in that it potentially leads to foreclosure activity by encouraging delinquency." (D.I. 31). Bank of New York responds that Appellant's loan is already delinquent, with the loan contractually due for the June 1, 2017 payment. Ordering the bank to accept monthly payments would do nothing to change that. The Court agrees. While the Court is sympathetic to the consequences of potential foreclosure proceedings, it is unclear that the equities tip in Appellant's favor here, considering these prolonged proceedings and opportunities to bring the loan current under the protection of Chapter 13. Finally, with respect to the public interest, Appellant states that "the immediate priority is to maintain home ownership." Conversely, Bank of New York argues that Appellant's behavior is not in the public interest as Appellant "is taking

---

[3] Appellant attaches a letter referencing a pending workmen's compensation claim. (*See* D.I. 31 at 6).

advantage of the litigation system, forcing Bank of New York to engage in confusing back and forth, and usurping both this Court's and the Bankruptcy's Court's time." (D.I. 33 at 3).

On balance, and in light of Appellant's failure to demonstrate any likelihood of success on the issues raised in her appeal and the injunctive relief she requests, the Court finds that Appellant has failed to carry the burden of establishing that this extraordinary remedy should be awarded.

## V. **CONCLUSION**

Appellant has failed to carry the burden of establishing that injunctive relief should be awarded. For the reasons set forth herein, the Emergency Motion is DENIED.

Entered this 20th day of December, 2018.

_____
The Honorable Maryellen Noreika
United States District Judge