IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE:<br><br>ANDREA GENRETTE,<br><br>              Debtor. | Chapter 13<br><br>Bankr. Case No. 15-11738 (BLS) |
| ANDREA GENRETTE,<br><br>              Appellant,<br><br>          v.<br><br>BANK OF NEW YORK MELLON TRUST COMPANY, NA,<br><br>              Appellee. | C.A. No. 18-920 (MN) |

**MEMORANDUM ORDER**

**I.  INTRODUCTION**

Presently before the Court is a petition for rehearing *en banc* and/or panel rehearing under Rules 35 and 40 of the Federal Rules of Appellate Procedure (D.I. 42) ("Petition for Rehearing") filed by Chapter 13 debtor Andrea Genrette ("Appellant") with respect to her appeal from a Bankruptcy Court Order (Bankr. D.I. 90)[1] ("the Lift Stay Order") which (i) granted relief from the automatic stay to appellee, Bank of New York Mellon Trust Company, National Association as Trustee for Residential Asset Mortgage Products, Inc., Mortgage Asset-Backed Pass-Through Certificates Series 2004-RS8 by and through its attorney in fact Ocwen Loan Servicing, LLC ("Bank of New York"), and (ii) denied Appellant's motion to reinstate the automatic stay (Bankr. D.I. 87). On February 7, 2019, this Court issued a Memorandum Order affirming the Lift Stay

---

[1]  The docket of the Chapter 13 case, captioned *In re Andrea Genrette*, No. 15-11738-BLS (Bankr. D. Del.), is cited herein as "Bankr. D.I. __."

Order. (D.I. 41). On February 22, 2019, Appellant filed the Petition. For the reasons set forth herein, the Petition is denied.

## II. BACKGROUND

### A. Chapter 13 Case and Lift Stay Order

Appellant is the owner of real property located at 4 Westbury Drive, New Castle, Delaware 19720 ("the Property"). Appellant has a mortgage on the Property owed to Bank of New York. On August 19, 2015, Appellant commenced a Chapter 13 case (Bankr. D.I. 1). On October 26, 2015, the Bankruptcy Court entered an order confirming Appellant's Chapter 13 plan. (*See* Bankr. D.I. 30, 34). On June 29, 2017, Bank of New York filed a Motion for Relief from Stay (Bankr. D.I. 52) ("Stay Relief Motion") based on Appellant's failure to make the required post-petition payments under the Chapter 13 plan, including 12 post-petition payments for the months of July 2016 through June 2017. (*Id*. ¶ 1).

To avoid litigation, determination of the Stay Relief Motion was stayed by agreement of the parties per a signed stipulation (Bankr. D.I. 59) ("Stipulation"). Under the terms of the Stipulation, Appellant acknowledged Bank of New York's calculation of post-petition arrearages and costs and agreed to file, within 30 days, a modified Chapter 13 plan to provide a cure for the post-petition delinquency of payment of arrearages and costs, then totaling $14,197.58 (*id.* ¶¶ 10-12) and additionally to continue to make regular monthly payments in the amount of $1,242.52 as due beginning with the September 1, 2017 payment (*id*. ¶ 13). Under the Stipulation, events of default included: Appellant's failure to file the modified Chapter 13 plan, failure to pay the post-petition arrearages, and failure to make any of the monthly payments. (*Id*. ¶ 14). Upon occurrence of an event of default, 10 days' notice to Appellant, and Appellant's failure to cure, the Stipulation provided that the Stay Relief Motion would be granted without further hearing. (*Id*. ¶ 15). On

October 3, 2017, the Bankruptcy Court approved the Stipulation (Bankr. D.I. 60) ("Stipulated Order").

On January 11, 2018, Bank of New York filed a notice of non-compliance. (Bankr. D.I. 65). The notice indicates, and the docket reflects, that Appellant failed to file a modified Chapter 13 plan as required by the Stipulated Order. The notice of non-compliance also stated that Appellant was in default for a total amount of $3,707.08, which included three regular mortgage payments required on November 2017, December 2017, and January 2018. (*Id.* at 2).

On January 16, 2018, Appellant filed the proposed modified Chapter 13 plan, which was approved by the Bankruptcy Court. (Bankr. D.I. 66, 72). On February 1, 2018, Bank of New York filed a notice of default under the Stipulated Order (Bankr. D.I. 71). The notice of default acknowledged that Appellant had filed, albeit late, a modified Chapter 13 plan, but the post-petition arrears for November 2017 through February 2018 remained unpaid. Appellant filed an objection to the notice of default alleging that Bank of New York was not entitled to stay relief because there was an improper allocation of post-petition payments, erroneous fees were charged during the bankruptcy, and the amount owed was incorrect. (Bankr. D.I. 74). Appellant also filed an objection to Bank of New York's proof of claim. (Bankr. D.I. 77).

On April 24, 2018, the Bankruptcy Court held a hearing on pending matters and took them under advisement. (*See* Bankr. D.I. 98, 4/24/18 Hr'g Tr.). On April 25, 2018, Bank of New York filed a supplemental letter brief with the Bankruptcy Court, which included correspondence from Ocwen, the loan servicer, to Appellant with an account reconciliation in response to questions raised by Appellant. (Bankr. D.I. 84). On April 30, 2018, Appellant filed a response to the supplemental letter brief claiming that Ocwen collected payment and other charges before the loan

was assigned to it. (Bankr. D.I. 85). On May 8, 2018, Appellant filed a motion to reinstate the automatic stay. (Bankr. D.I. 87).

On June 7, 2018, the Bankruptcy Court entered the Lift Stay Order, which (i) denied Appellant's motion to reinstate the automatic stay, and (ii) granted Bank of New York relief from the automatic stay on the basis that Appellant failed to make the required post-petition payments under the Stipulated Order. (Bankr. D.I. 90 ¶ 2). The Bankruptcy Court further determined:

> In subsequent proceedings, including a hearing held on April 24, 2018, [Appellant] has raised challenges to, among other things, [Bank of New York's] pre-bankruptcy conduct, the amounts due to [Bank of New York] and the contents of [Bank of New York's] proof of claim. The terms of the Stipulation are clear, and the record supports a finding that a payment default has occurred. The issues raised by [Appellant], particularly those relating to events that occurred years ago, do not change the fact that [Appellant] failed to make payments in compliance with the Stipulation.

(*Id.* ¶ 3). On June 21, 2018, Appellant timely appealed the Lift Stay Order (Bankr. D.I. 93).

While this appeal was pending, Appellant was approved by Ocwen for a three-month trial loan modification, which required Appellant to make timely monthly payments for May 1, 1018 through July 1, 2018. (Bankr. D.I. 84). It further provided that, "after successful completion of the Trial Period Plan, the account will be reviewed for a permanent modification." (*Id.*). Appellant accepted the trial loan modification and made payments on the loan modification from August 31, 2018 through November 29, 2018 ("August 2018 Loan Modification"). When Bank of New York filed a motion with the Bankruptcy Court to approve the trial loan modification as a permanent modification, however, Appellant opposed the motion as an impermissible "new debt" under Chapter 13 and on the basis of the pending appeal. (Bankr. D.I. 109). "[T]he record reflecting that the Debtor objects to the relief set forth in the motion[,] and the Court having noted that it would not approve a mortgage modification over the Debtor's objection," the Bankruptcy Court entered an order denying the motion to approve the loan modification. (*See* Bankr. D.I. 118

4

("Loan Modification Order")). Appellant has filed a separate appeal of the Loan Modification Order.[2]

After the Bankruptcy Court denied the loan modification, Bank of New York was required to reverse the loan modification, which reverted the mortgage loan back to default status. For this reason, Bank of New York advised that it no longer would accept payments from Appellant. On November 20, 2018, Appellant filed a motion seeking an expedited hearing or consideration of the appeal (D.I. 26), which the Court denied (D.I. 29). On December 6, 2018, Appellant filed an emergency motion seeking a temporary injunction with respect to Bank of New York's refusal to accept additional loan payments. (D.I. 31). On December 20, 2018, the Court issued a Memorandum Order denying the injunction. (D.I. 35).

**B.     Memorandum Order**

Following briefing of the appeal (D.I. 17, 21, 22, 23, 24, 25),[3] the Court issued the Memorandum Order affirming the Lift Stay Order. (D.I. 41). The Court reviewed the granting of stay relief for abuse of discretion[4] and found none. The Court agreed cause to lift the stay existed because Appellant admitted to withholding the post-petition payments necessary for the stay to

---

[2]     *Genrette v. Bank of New York Mellon Trust Company*, Civ. No. 18-1883-MN (D. Del.), D.I. 1.

[3]     Appellant has made numerous additional filings which are not in compliance with the Federal Rules of Bankruptcy Procedure or the briefing schedule in this case. (*See* D.I. 36-41). Because Appellant proceeds *pro se*, the Court construes these pleadings liberally. *See Erickson v. Pardus,* 551 U.S. 89, 94 (2007) ("A document filed *pro se* is to be liberally construed.") (internal quotation marks omitted). The Court has therefore considered all of the papers filed by the parties in this appeal.

[4]     *In re Flintkote Co.*, 533 B.R. 887, 891 (D. Del. 2015), *aff'd sub nom, In re The Flintkote Co., 8 E. Frederick Place, LLC,* 655 F. App'x 931, 935 (3d Cir. 2016) (citing *In re Am. Classic Voyages, Co.*, 298 B.R. 222, 225 (D. Del. 2003)).

remain in place under the terms of the Stipulated Order, and the record supported the conclusion that a payment default occurred:

> In the Stipulated Order, the parties agreed to stay litigation of Bank of New York's Stay Relief Motion in order to give Appellant a chance to bring her arrearages under the Chapter 13 plan current. Appellant conceded in the Stipulated Order that she had not made certain post-petition payments and agreed to remit monthly payments of $852.22 commencing again August 1, 2018. Appellant further agreed in the Stipulated Order that: "Upon the occurrence of an Event of Default and ten (10) days' notice thereof to Debtor, her counsel, and Co-Debtor as set forth in paragraph 14 above and Debtor's failure to cure said event of default within 10 days of receipt of said Notice of Non-Compliance, Relief from Stay and Co-Debtor relief will be hereby lifted without further hearing upon the filing of a Notice of Default . . . ."

(D.I. 41 at 7) (internal citations omitted). The Court noted that Appellant failed to remit the monthly payments due for November 1, 2017 through April 1, 2018, and admitted to such failure at the April 24, 2018 hearing:

> MS. GENRETTE: You're right, there's a lot going on here. Payments were withheld because there were so many errors.
>
> THE COURT: -- the first question that I have is there's a stipulation that was entered into and the lender's point is that the payments were not made that were required to be made under the stipulation.
>
> MS. GENRETTE: Okay. And I'm saying, Your Honor, that I withheld payments because there was a lot of money not accounted for.

(*Id.* (citing 4/24/18 Hr'g Tr. at 6:4-5 & 10:15-21)). The Court further agreed that, even if Appellant had not stipulated to automatic stay relief in the event of her default, the Bankruptcy Court had cause to grant the Stay Relief Motion. (*See id*. at 8). Section 362(d)(1) of the Bankruptcy Code provides that stay relief may be granted "for cause" including lack of adequate protection.[5] The

---

5     Section 362(d)(1) of the Bankruptcy Code provides:
> On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay —
>> (1) ***for cause***, including the lack of adequate protection of an interest in property of such party in interest . . .
>
> 11 U.S.C. § 362(d)(1) (emphasis added).

party seeking relief from the automatic stay "bears the burden of establishing a prima facie case of cause." *In re Aardvark, Inc.*, 1997 WL 129346, at *4 (D. Del.) (internal quotation marks omitted). The movant has the burden of going forward with evidence in the first instance to establish that there are some facts to support its allegations of "cause." *In re Skipworth*, 69 B.R. 526, 527 (Bankr. E. D. Pa. 1987). The Court found no error or abuse in the Bankruptcy Court's conclusion that the Bank of New York met this burden:

> Courts have consistently held that the failure of a debtor to make post-petition mortgage payments can constitute "cause" for granting a mortgagee relief from the automatic stay. *See In re Jones*, 284 B.R. 92 (Bankr. E.D. Pa. 2002), *aff'd*, 308 B.R. 223 (E.D. Pa. 2003); *In re Independent Mgmt. Assocs., Inc.*, 108 B.R. 456, 464 (Bankr. D.N.J. 1989) (long standing rule that failure to make post-petition payments constitutes cause). Here, evidence of the delinquent payments under the Chapter 13 plan was sufficient to meet Bank of New York's burden and to require Appellant come forward with evidence establishing adequate protection. *See Skipworth*, 69 B.R. at 527; *see also In re Keays,* 36 B.R. 1016 (Bankr. E.D. Pa. 1984) (failure to make five consecutive post-petition payments constitutes "cause" under § 362(d)(4)); *In re Frascatore*, 33 B.R. 687 (Bankr. E.D. Pa. 1983) (involving nine missed post-petition payments out of eleven). The record reflects that Appellant made no such showing, and that, rather than litigate the issue, Appellant chose to enter the Stipulated Order, file a modified Chapter 13 plan, and bring the post-petition arrearages current.

(D.I. 41 at 8). Having stipulated to the post-petition arrearage amount, the Court found no error in the Bankruptcy Court's determination that cause existed to grant stay relief. (*See id*.)

Appellant argued on appeal that pre-petition accounting errors, lack of standing, and a late filed proof of claim should have prevented the Bankruptcy Court from granting relief from stay. The Court agreed with Bank of New York that those arguments were of no consequence to the stay relief granted. (*See* D.I. 41 at 8-13).

With respect to alleged prepetition accounting errors,[6] the Court found no factual support in the record, and agreed with the Bankruptcy Court that any pre-petition accounting error had no bearing on entitlement to relief from the automatic stay, which was granted based on Appellant's failure to remit *post-petition* payments under the Stipulation. (*Id.* at 9). Appellant's claims of an accounting error would at best effect the amount of *pre-petition arrears* which is wholly inapposite. Appellant conceded the validity of her post-petition obligations and specified the amounts owed in the Stipulated Order. (*Id.*).

The Court further rejected Appellant's argument that Bank of New York lacked standing to seek stay relief on the basis of an alleged break in the chain of title:

> It is unclear why Appellant did not question Bank of New York's standing to foreclose when she commenced the Chapter 13 case, why she provided for payment to Bank of New York in the Chapter 13 plan, or why she agreed to make payments to Bank of New York under the Stipulated Order. According to Bank of New York, Appellant's argument is lacking in legal and factual support as Bank of New York has clear standing to seek relief from the stay. Bank of New York argues that a party moving to terminate the automatic stay must be nothing more than "a party in interest." *See In re Grant-Covert*, 658 F. App'x 175, 177 (3d Cir. 2016). The Bankruptcy Code does not define the term "party in interest" for purposes of this subsection. However, a party with a legal interest in a property has standing under the Bankruptcy Code to move to lift an automatic stay that is preventing that party from enforcing its legal interest. *See In re Alcide*, 450 B.R. 526, 535–36 (Bankr. E.D. Pa. 2011) (explaining that a mortgage holder seeking to foreclose on a property has standing to seek stay relief because it has a legal interest in the property); *accord* 3 *Collier on Bankruptcy* ¶ 362.07[2], at 362–105 (Alan N. Resnick, Henry J. Sommer eds., 16th ed. 2010) ("any party affected by the stay should be entitled to move for relief"). Bank of New York argues that, under Delaware law, a party is entitled to enforce a negotiable instrument when the party is "(i) the holder of the instrument, [or] (ii) a nonholder in possession of the instrument who has the rights of a holder . . . " (*See* D.I. 21 at 12 (citing 6 Del. C.

---

[6] Appellant asserted that a July 1, 2015 statement incorrectly reflects a past due amount when her payments were current with the trustee. (*See* D.I. 17 at 1). Appellant further asserted that arrears payments in bankruptcy are not subject to interest. (*See id.* at 2). Appellant also argued that Bank of New York Mellon has already received payment because the Note is endorsed in 2004 and "paid to Bank of NY Mellon for $220,000." (*Id.* at 3). Finally, Appellant argued that prior modifications to the underlying loan were not recorded, and therefore it is impossible for BONY Mellon to ascertain an accurate accounting. (*See id.*).

8

§ 3–301)). "Delaware law specifically defines a holder as a 'person in possession of a negotiable instrument either as the bearer or to the identified person that is the person in possession.'" (*Id*. (citing 6 Del. C. § 1–201(b)(21)(A)) and *WBCMT 2006-C29 Office 4250, LLC v. Chestnut Run Inv'rs, LLC*, 2015 WL 4594538, at *7 (Del. Super. Ct. July 30, 2015)).

(D.I. 41 at 11-12). The Court agreed, finding that Bank of New York was in possession of the Note. The Bank of New York attached to the Proof of Claim a copy of an assignment of mortgage from Mortgage Electronic Registrations Systems, Inc. as nominee for Mercantile Mortgage Company (the original lender) to Bank of New York; further, a copy of the Note which is endorsed to Bank of New York is also attached to the Proof of Claim. The Court thus found no error in granting stay relief as Bank of New York was entitled to enforce both the Note and Mortgage under Delaware law, and in turn was a party in interest entitled to seek relief from the automatic stay. (*See id*. at 12).

The Court further rejected Appellants' argument that Bank of New York filed a late proof of claim and was therefore not entitled to stay relief. The Court agreed that Bank of New York's failure to timely file its proof of claim had no bearing on its right to participate under Appellant's Chapter 13 plan because the Chapter 13 plan called for Appellant to make post-petition payments to Bank of New York. (*See id*. at 12) (citing *In re Lewis*, 2017 WL 1839165, at *4 (Bankr. S.D.N.Y. May 5, 2017) (granting secured creditor's motion for stay relief)). "Under section 1327(a), confirmation of the plan allows a secured creditor to receive distributions to the extent provided in the plan, even if no proof of claim is filed." *Id.* (quoting *In re Dumain*, 492 B.R. 140, 149 (Bankr. S.D.N.Y. 2013)). "A party that is entitled to receive payments under a chapter 13 plan has standing to seek stay relief if those payments are not made." *Id*. (citing *In re Binder*, 224 B.R. 483, 491 (Bankr. D. Colo. 1998)).

Finally, the Court rejected Appellant's argument that the facts of her case supported a finding of abuse of discretion under *Metmor Financial, Inc. v. Bailey*, 111 B.R. 151 (W.D. Tenn.

9

1998)).⁷ (*See* D.I. 41 at 9-10). The Court determined that while some facts alleged by Appellant – including alleged accounting errors and health problems⁸ – bore some similarity to those alleged in *Metmor*, the case did not support an abuse of discretion ruling. (*See id.* at 10). Appellant, like the debtor in *Metmor*, alleged uncertainty regarding the allocation of payments following denial of the loan modification and placement of the loan back in default. However, in this case, there was no confusion regarding Appellant's obligations under the Stipulation and modified Chapter 13 plan; the terms of the Stipulation clearly set forth the post-petition arrearages and monthly payments. Thus, the facts of this case provided no basis for the Court to find an abuse of discretion under *Metmor*. (*Id.* at 11).

### C. Petition for Rehearing

On February 22, 2019, Appellant filed the Petition for Rehearing. (D.I. 42). The Petition for Rehearing is fully briefed. (D.I. 42, 44, 45). The Court did not hear oral argument because the

---

7     In *Metmor*, the Chapter 13 plan called for continued monthly payments to Metmor, the holder of a deed of trust on the debtor's principal residence. *Metmor*, 111 B.R. at 152. After three years under the plan, the debtor had fallen behind on payment obligations by over 20 months. *Id.* Metmor filed a motion seeking relief from the automatic stay to proceed to foreclose on the property. *Id.* The bankruptcy court granted the debtor twenty-five days in which to find refinancing. *Id.* The debtor did not obtain refinancing, however, and the stay was lifted. *Id.* Thereafter, debtor filed a motion to set aside the order under Federal Rule of Civil Procedure 60(b) and reinstate the automatic stay. *Id.* In granting the motion to reinstate the automatic stay, the bankruptcy court determined that extenuating circumstances existed, including that the debtor had been off work due to illness, that her minor daughter had continuing kidney problems, and that four members of debtor's family died since the filing of the bankruptcy. *Id.* at 153. Additionally, the bankruptcy court found that the mortgage had been held by four different entities, and that confusion existed regarding the exact arrearage amount and the exact amount of monthly payments. *Id.* On appeal, the district court determined, based on the foregoing, that the bankruptcy court did not abuse its discretion in reinstating the automatic stay. *Id.* at 154.

8     Appellant attached a letter referencing a pending workmen's compensation claim to certain pleadings. (*See* D.I. 31 at 6).

facts and legal arguments are adequately presented in the briefs and record, and the decisional process would not be significantly aided by oral argument.

### III.     JURISDICTION AND STANDARD OF REVIEW

Appeals from the Bankruptcy Court to this Court are governed by 28 U.S.C. § 158. Pursuant to § 158(a), district courts have mandatory jurisdiction to hear appeals "from final judgments, orders, and decrees" and discretionary jurisdiction over appeals "from other interlocutory orders and decrees." 28 U.S.C § 158(a)(1) and (3). The Lift Stay Order is a final order. *See In re 22 Saulsbury, LLC*, 2015 WL 661396, at *1 (D. Del. Feb. 13, 2015) (referencing 28 U.S.C. § 158(a)(1)); *see also In re Comer*, 716 F.2d 168, 172 (3d Cir. 1983).

As Bankruptcy Rule 8022 does not specify the standard for ruling on a petition for rehearing, Federal Appellate Rule 40 applies. *See Meyer v. U.S. Bank Nat. Ass'n,* 2015 WL 3609238, at *1 (W.D. Wash. June 9, 2015); *see also In re SK Foods, L.P.*, 2013 WL 949975, at *1 (E.D. Cal. Mar. 11, 2013); *Kosmala v. Inhor (In re Hessco Indus., Inc.)*, 295 B.R. 372, 375 (B.A.P 9th Cir. 2003). Pursuant to Federal Appellate Rule 40, a party seeking rehearing must "state with particularity each point of law or fact that the petitioner believes the court has overlooked or misapprehended and must argue in support of the petition." FED. R. APP. P. 40(a)(2). A petition for rehearing is not a means to reargue a party's case but is instead designed to ensure that the appellate court "properly considered all relevant information in rendering its decision." *Hessco*, 295 B.R. at 375; *see also Yankton Sioux Tribe v. Podhradsky*, 606 F.3d 985, 990 (8th Cir. 2010) (a petition for rehearing should "direct the Court's attention to some material matter of law or fact which it has overlooked in deciding a case, and which, had it been given consideration, would probably have brought about a different result").

Further, an *en banc* hearing or rehearing is not favored and ordinarily will not be ordered unless: (1) *en banc* consideration is necessary to secure or maintain uniformity of the court's decision; or (2) the proceeding involves a question of exceptional importance. Fed. R. App. Proc. 35(a). Thus, *en banc* rehearing has a different focus than panel rehearing. Panel rehearings are designed as a mechanism for the panel to correct its own errors in the reading of the factual record or the law, while rehearings *en banc* are designed to address issues that affect the integrity of the circuit's case law (intra-circuit conflicts) and the development of the law (questions of exceptional importance). Given the "heavy burden" that *en banc* rehearings impose on an "already overburdened court," such proceedings are reserved for the truly exceptional cases. *See Roberts v. Sears, Roebuck & Co.*, 723 F.2d 1324, 1348 (7th Cir. 1983) (*en banc*) (separate opinion of Posner, J.) (internal quotation marks and citations omitted). In any event, e*n banc* hearings are only typically conducted by the Circuit Courts of Appeals. *See* FED. R. APP. P. 35.

## IV. ANALYSIS

### A. The Petition For Rehearing is Untimely

As an initial matter, Appellant failed to file the Petition for Rehearing within fourteen days of the Court's February 7, 2019 Memorandum and Order. Bankruptcy Rule 8022 provides that a "motion for rehearing by the district court of BAP must be filed within 14 days after entry of the judgment on appeal." FED. BANKR. R. PROC. 8022. Additionally, Federal Appellate Rule 40 provides "[u]nless the time is shortened or extended by order or local rule, a petition for panel rehearing may be filed within 14 days after entry of judgment." FED. R. APP. P. 40(a)(1); *see also Shahin v. PNC Bank NA,* 678 F. App'x 62, 63 (3d Cir. 2017). Similarly, Federal Appellate Rule 35 provides a petition for rehearing *en banc* must be filed within the time prescribed by Federal Appellate Rule 40 for filing a petition for rehearing. FED. RULE APP. P. 35(c). This Court's

Memorandum Order affirming the Lift Stay Order was entered on February 7, 2019. (D.I. 41). Appellant's Petition for Rehearing was not filed until fifteen days later – on February 22, 2019. (D.I. 42).

Appellant argues that she did not physically receive the Court's Memorandum Order until the following day, February 8, 2019, and that her 14-day deadline should run from that date and that she had "good cause" to believe she was in compliance with the rule. (D.I. 45 at 2-3). This, however, is not what Bankruptcy Rule 8022 states. Appellant further argues that she has demonstrated excusable neglect. As discussed below, even assuming that Appellant's Petition for Rehearing was timely filed or that Appellant had established excusable neglect in filing the Petition for Rehearing past the deadline, Appellant has failed to meet the standard for rehearing.

### B. The Court Confirmed Bank of New York Had Standing and Was The Holder of the Note as Required by *Shrewsbury*

Appellant claims in her Petition for Rehearing that Bank of New York does not have standing and that this Court overlooked the *Shrewsbury* decision. (D.I. 42 at 3-5). Appellant's Petition, however, does not direct the Court's attention to some material matter of law or fact which it has overlooked as required by Federal Appellate Rule 40. It also fails to meet the criteria for *en banc* consideration as required by Federal Appellate Rule 35. Rather, this Court considered all relevant information and confirmed Bank of New York had possession of the Note, and therefore had standing to seek relief from the automatic stay. (D.I. 137 ¶ 23).

As set forth above, petitions for panel rehearing should alert the panel to specific factual or legal matters that the party raised, but that the panel may have failed to address or may have misunderstood. FED. R. APP. P. 40. Further, *en banc* hearings are reserved for intra-circuit conflicts and questions of exceptional importance. FED. R. APP. P. 35. Appellant does not explain how her Petition for Rehearing meets either standard.

This Court specifically recited in its Memorandum and Order affirming the Lift Stay Order that a party with a legal interest in a property has standing under the Bankruptcy Code to move to lift an automatic stay (D.I. 41 ¶ 22) (citing *In re Alcide*, 450 B.R. 526, 535-36 (Bankr. E.D. Pa. 2011) and *3 Collier on Bankruptcy* ¶ 362.07[2], at 362-105 (Alan N. Resnick, Henry J. Sommer eds., 16th ed. 2010)). This Court's Memorandum and Order also noted that Bank of New York is in possession of the Note. (D.I. 41 ¶ 22-23). This Court then confirmed that under Delaware law, a party is entitled to enforce a negotiable instrument when the party is "(i) the holder of the instrument, [or] (ii) a nonholder in possession of the instrument who has the rights of a holder under 6 Del. Co. § 3-301." (*Id.*). The Court further explained that "Delaware law specifically defines a holder as 'person in possession of a negotiable instrument either as the bearer or to the identified person that is the person in possession.'" *Id.* (citing 6 Del. C. § 1-201(b)(21)(A) and *WBCMT 2006-C29 Office 4250, LLC v. Chestnut Run Inv'rs*, LLC, 2015 WL 4594538, at *7 (Del. Super. Ct. July 30, 2015)). Finally, the Court confirmed that Bank of New York attached a copy of the Note, which is endorsed in blank to Bank of New York, to its Proof of Claim. (*Id.* ¶ 23.) Therefore, this Court determined that Bank of New York demonstrated it is the legal holder and owner of the Note as required under *Shrewsbury*. *See Shrewsbury v. Bank of New York Mellon*, 160 A. 3d 471 (Del. 2017).

Appellant's Petition for Rehearing does not meet the high threshold for a rehearing under Federal Appellate Rule 40. This Court properly considered all relevant information in determining that Bank of New York is a holder of the Note and Mortgage, and in turn had standing to seek relief from the automatic stay. Moreover, *en banc* hearings are only typically conducted by the Circuit Courts of Appeals, and Appellant has not demonstrated that this raises an issue of intra-

circuit conflict and/or a question of exceptional importance as required by Federal Appellate Rule 35.

      **C.    Appellant Waived the Claim that She Did Not Authorize her Prior Attorney to Execute a Stipulation in Conjunction with Bank of New York's Initial Motion**

Appellant also claims in her Petition that this Court erroneously relied on the Stipulation to govern post-petition payments (Bankr. D.I. 59), which initially resolved Bank of New York's Motion for Relief from Stay, because Appellant claims she did not sign or authorize the Stipulation. (*See* D.I. 42 at 5-6).

As an initial matter, the Court has reviewed the transcript of the April 24, 208 hearing (B.D.I. 98), at which the Bankruptcy Court considered the Bank of New York's notice of default, contending that Appellant had not performed consistent with the terms of the Stipulation, and following which the Bankruptcy Court entered the Lift Stay Order. At the same hearing, the Bankruptcy Court considered the motion of Appellant's attorney to withdraw as her counsel ("Motion to Withdraw") based on what the attorney described as the "considerable irreconcilable differences between my client and myself." (*See* 4/24/18 Hr'g Tr. at 15:19). With respect to the Stipulation, in which Appellant affirmed her obligations under the loan and agreed to make post-petition payments, the transcript of the hearing reflects Appellant's acknowledgment that "payments were withheld" because "there were so many [accounting] errors" and "because there was a lot of money not accounted for." (*Id.* at 6:3-5; 10:19-20). Appellant never asserts that her reason for failing to make payment in accordance with the Stipulation was that she never signed or authorized the Stipulation. With respect to her counsel's Motion to Withdraw, Appellant makes no assertion that her counsel executed the Stipulation (or any other document) without her permission, or failed to make her aware of the Stipulation, or any similar claim. (*See id.* at 15:19-

15

16:23). Indeed, Appellant points to nowhere in the record below where this argument was made to the Bankruptcy Court.

With respect to the record in this appeal, Appellant directs the Court to a letter filed on December 28, 2018 (D.I. 38) in which, Appellant asserts, she stated "that there was a disconnection between herself and her prior attorney" and stated " . . . there is not a signature by me on any Stipulation prior counsel presented." (*See* D.I. 45 at 5-6). The Court has reviewed the letter and enclosures docketed in this appeal at D.I. 38 and sees no such representations.

As Appellant failed to raise this issue below or on appeal, she cannot now raise it for the first time in her Petition for Rehearing. Panel rehearing is not a vehicle for presenting new arguments, and, absent extraordinary circumstances, this Court should not entertain arguments raised for the first time in a petition for rehearing. *See In re Sugar Antitrust Litigation,* 579 F.2d 13, 20 (3d Cir. 1978) (refusing to grant rehearing to deal with issues not raised in the district court or briefed on appeal); *see also Peter v. Hess Oil Virgin Islands Corp.,* 910 F.2d 1179, 1181 (3d Cir. 1990) (denying petition for rehearing on issue that was raised before the district court, but not briefed before appellate court). Appellant did not raise this issue in her Appellant's Brief (D.I. 17), her Reply Brief (D.I. 22), or her Supplement to Reply Brief (D.I. 23). Therefore, this Court should not entertain it for the first time on rehearing. Moreover, this is not an issue for *en banc* consideration pursuant to Federal Appellate Rule 35 as there is no evidence of an intra-circuit conflict and/or question of exceptional importance.

**V. CONCLUSION**

For the reasons set forth herein, the Petition for Rehearing is DENIED.

September 27, 2019

*Maryellen Noreika*
The Honorable Maryellen Noreika
United States District Judge